UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

RICHARD MALLON,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
d/b/a ROYAL CARIBBEAN GROUP,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1.  The Plaintiff, RICHARD MALLON, is a citizen of Massachusetts.

2.  Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a/ ROYAL CARIBBEAN GROUP ("RCCL"), is a foreign corporation with its principal place of business in Miami, Florida.

3.  The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4.  At all times material hereto, Defendant, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.  Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Liberty of the Seas*.

5.  At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6.  At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7.  At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Liberty of the Seas* ("the vessel").

8.  On or about October 3, 2019, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9.  At all material times, Plaintiff required a wheelchair, and therefore, Defendant provided Plaintiff with a wheelchair.

10. At all material times, the wheelchair Defendant provided to Plaintiff did not have anti-rollback safety equipment.

11. On or about October 3, 2019, Plaintiff sustained severe injuries to his head and body when Plaintiff was attempting to maneuver up an unreasonably steep ramp and/or incline on the wheelchair provided by Defendant on deck 11 near the Squeeze Bar, the wheelchair and Plaintiff flipped backwards.

12. The incline ramp and/or incline on deck 11 near the Squeeze bar was unreasonably steep and was not open and obvious  and the Plaintiff had no way of knowing the existence of the hazardous conditions.

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

15. On or about October 3, 2019, the Plaintiff was on deck eleven, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about October 3, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.  Failure to warn the Plaintiff of the unreasonably steep ramp in the subject area for wheelchair using passengers; and/or

    b.  Failure to warn the Plaintiff of the risks and/or dangers associated with the combination of unreasonably steep ramps in the subject area and the lack of anti-rollback safety equipment on wheelchairs provided by Defendant; and/or

    c.  Failure to warn passengers and the Plaintiff of other similar accidents previously occurring in same area, same deck, same ramp; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

d.  Failure to warn the Plaintiff of the risks and/or dangers using wheelchairs on Defendant's vessel.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have maneuvered the wheelchair with a lack of anti-rollback safety equipment on the steep ramp in the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the ramp in the subject area and the wheelchair provided by Defendant was unreasonably hazardous because the ramp was unreasonably steep and the wheelchair lacked anti-rollback safety equipment contained a hidden and unmarked raised threshold and was also wet, slippery, and/or dangerous.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area and wheelchairs provided to passengers.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments

in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to maintain deck eleven in a reasonably safe condition.

23. On or about October 3, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

  a.  Failure to adequately and regularly inspect, maintain, monitor and/or keep the wheelchairs in a reasonably safe condition; and/or

  b.  Failure to utilize proper and/or adequate maintenance, repair, and/or inspection procedures so as to ensure that the wheelchairs are properly functioning and reasonably safe; and/or

  c.  Failure to adequately and regularly inspect deck eleven, including the ramp, to determine whether it was too steep for wheelchair using passengers; and/or

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area and the subject wheelchair.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of deck eleven and/or through prior incidents involving passengers injured due to steep ramps in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same degree of incline for ramps and/or wheelchairs lacking adequate safety equipment on Defendant's vessels and/or Defendant's similar vessels using the same wheelchairs.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. On or about October 3, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

    a.  Failure to use reasonable care to provide Plaintiff with reasonably safe passage; and/or

    b.  Failure to provide an adequate and properly functioning wheelchair; and/or

    c.  Failure to properly use anti-rollback safety equipment to prevent wheelchairs from topping backwards while in use; and/or

    d.  Failure to adequately and regularly inspect, maintain, monitor and/or keep the wheelchairs in a reasonably safe condition; and/or

    e.  Failure to have adequate policies and procedures in place for the regular and adequate inspection and maintenance of the wheelchairs; and/or

    f.  Failure to provide properly trained crew to assist passengers using wheelchairs on Defendant's vessel; and/or

    g.  Failure to adequately train, supervise and monitor its crewmembers on the regular and adequate inspection and maintenance of the wheelchairs; and/or

    h.  Failure to utilize proper and/or adequate maintenance, repair, and/or inspection procedures so as to ensure that the wheelchairs are properly functioning and reasonably safe; and/or

    i.  Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to walkways and areas accessible to passengers like the

Plaintiff; and/or

j.  Failure to ascertain the cause of prior similar accidents happening on Defendant's private island, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or

k.  Failure to adequately and regularly monitor the subject area to ensure wheelchair using passengers do not fall backwards; and/or

l.  Failure to close off and/or place warning signs on or around the subject ramp for wheelchair using passengers; and/or

m.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that wheelchair using passengers do not topple over and/or fall backwards in the subject area; and/or

n.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around steep ramps and/or that such hazardous areas are closed off; and/or

o.  Failure to analyze prior toppling over wheelchair accidents aboard Defendant's vessels occurring in the same manner so as to remedy such hazardous conditions; and/or

p.  Failure to correct hazardous conditions following other toppling over and/or falling backwards on steep ramps in the same area and/or similar ramps; and/or

q.  Failure to retrofit ramps in light of the anticipated wheelchair traffic and anticipated purpose of the area; and/or

r.  Failure to test and/or adequately evaluate the subject ramp in light of the anticipated wheelchair traffic and anticipated purpose of the area; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

s.   Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

t.   Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of deck eleven and/or through prior incidents involving passengers injured due to steep ramps in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same degree of incline for ramps and/or wheelchairs lacking adequate safety equipment on Defendant's vessels and/or Defendant's similar vessels using the same wheelchairs.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

     **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Jason R. Margulies*
    **JASON R. MARGULIES**
    Florida Bar No. 57916
    jmargulies@lipcon.com
    **ANDREW S. FREEDMAN**
    Florida Bar No. 091087
    afreedman@lipcon.com
    **DANIEL W. GRAMMES**
    Florida Bar No. 1010507
    dgrammes@lipcon.com